PRISCILLA DRISCO *et al. vs.* PRISCILLA COUTU *et als.*

JUNE 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is a bill in equity to establish a vendor's lien upon real estate. After hearing on bill, answer and proof, the trial justice entered a decree dismissing the bill. The cause is here on complainants' appeal from said decree.

At the time of the decease of Benoni Coutu in 1927 the title to said real estate was in him. By his will which was duly probated he devised and bequeathed his entire estate to his wife, the respondent Priscilla Coutu. The will contained a statement as follows: "I have made no provision for my children as they will be provided for by the last survivor of us, either I or my wife." In 1909, when the will was executed, all the testator's children were living. After

the making of the will and before the testator's death, the two complainants were born to his daughter, Delphine, who predeceased him, leaving the complainants her surviving.

In 1928 application was made to the Centreville National Bank for a loan to be secured by mortgage on one parcel of the real estate in question. The title examiner raised the question whether, by virtue of the then Sec. 22, Chap. 298, G. L. 1923, the complainants, who were grandchildren and were not provided for in the will, inherited the share they would have been entitled to had Benoni died intestate. Said section 22 was as follows: "When a testator omits to provide in his will for any of his children or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless it appears that the omission was intentional and not occasioned by accident or mistake."

Thereupon a guardian was appointed of the persons and estates of the two complainants, who were minors, and upon petition the Probate Court of the Town of Warwick granted permission to the guardian to sell the interest of his wards in the real estate owned by their grandfather at the time of his decease. In accordance with such permission the guardian executed deeds purporting to convey to the widow the complainants' interest in said real estate. Each deed recited a consideration of $1,500. No money or other consideration for the deeds passed to the guardian. The widow testified that she did not make any agreement with the guardian to pay money in consideration for the deeds, and there is no evidence that she did so agree. Prior to the commencement of these proceedings the guardian— who was the father of the complainants—died without having filed any account as guardian.

We will first consider whether, by force of said section 22, the complainants took a share in the testator's estate. The question is whether the testator intended to include grandchildren when he said: "I have made no provision for my children . . ."

The intention to omit to provide for children or their issue may appear in the terms of the will or may be established by extrinsic and parol evidence of the testator's intention. *Mitchell* v. *Mitchell*, 48 R. I. 1. The scrivenor of the will testified that at the time the will was written he was told by the testator that he wished to leave all his property to his wife and that if he died first she would look after their children.

It is apparent from this testimony, as well as from the will itself, that the testator reposed great confidence in his wife and that it was his intention that she take all his estate. Furthermore he gave his reason for giving his entire estate to her.

It is our opinion that it clearly appears from the language of the will that the testator's intention was that under any and all circumstances the wife take the entire estate, and that he believed she would deal equitably with the issue of any deceased child as well as with the children surviving him. The testator's daughter, Delphine, the mother of the complainants, died about fourteen years before the testator. During this period the testator knew of the existence of his grandchildren, these complainants, and had the will in his possession. As, during this long period, he had ample opportunity to change his will and did not change it, it may be presumed that he believed that said will disposed of his property in accordance with his wishes. We have no doubt that the omission to provide for the complainants was intentional and not occasioned by accident or mistake.

It does not appear that any consideration was promised to the complainants' guardian for his deeds which conveyed no interest in the real estate for the reason that his wards had no interest therein. In 39 Cyc. 1790 the rule is stated as follows: "When there has been no sale and purchase of the land, and no agreement to pay therefor, and consequently there is no indebtedness, there cannot be a vendor's lien. And even though there has been a conveyance of the property, no lien attaches unless there has been an actual and

*bona fide* sale. It is necessary to the existence of a vendor's lien that there shall be a debt due to the vendor contracted in the purchase of the land, still unpaid, and which the purchaser either at the time or at some prior date was liable to pay as a primary debtor without condition. And the conveyance of the legal title to the purchaser is also held to be essential to the existence of the vendor's implied lien."

The appeal is denied and dismissed; the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Grim & Littlefield, Benjamin W. Grim, Matthew W. Goring*, for complainants.

*Quinn, Kernan & Quinn, Michael De Ciantis*, for respondents.

*George Roche, A. Norman La Salle*, for Hector Coutu.